IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | Case No. 1:15-CR-44 (LMB) |
| | ) | |
| AMAR ENDRIS, | ) | |
| | ) | Hearing Date: July 31, 2015 |
| **Defendant** | ) | |
| | ) | |

### DEFENDANT'S POSITION ON SENTENCING FACTORS

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the United States Sentencing Guidelines (the "Guidelines"), and this Court's Policy Regarding Procedures to be Followed in Guideline Sentencing, the defendant, AMAR ENDRIS, through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case, and has submitted an objection to the probation officer regarding the calculation of the *advisory* custody guidelines range in the PSR.

As shown in the PSR, including the neuropsychological evaluation attached thereto, as well as the trial evidence, Mr. Endris is a very immature young man (now 20) with Autism Spectrum Disorder and related intellectual limitations and "executive dysfunction." Therefore, counsel for Mr. Endris submits that a sentence of five (5) years of probation, with a special condition that he participate in mental health treatment and counseling as directed by the probation office, is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in 18 U.S.C. § 3553(a)(emphasis added).

**ARGUMENT**

I.     **The Sentencing Factors**

Sentencing is the most sensitive, and difficult, task that any judge is called upon to undertake. *United States v. Adelson*, 441 F.Supp. 2d 506, 515 (S.D.N.Y. 2006), *affd.*, 301 Fed. Appx. 93 (2d Cir. 2008).

The Supreme Court reiterated that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 131 S.Ct. 1229, 1239-40 (2011), quoting *Koon v. United States*, 518 U.S. 81, 113 (1996). The Court then stated that "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 131 S.Ct. at 1240, quoting *Williams v. New York*, 337 U.S. 241, 247 (1949). Therefore, possession of the fullest information possible concerning the defendant's life and characteristics is highly relevant, if not essential, to the selection of an appropriate sentence. *Pepper v. United States*, 131 S.Ct. at 1240; *Williams v. New York*, 337 U.S. at 247. This will ensure that the punishment will suit not merely the offense but the individual defendant. *Pepper v. United States*, 131 S.Ct. at 1240; *Wasman v. United States*, 468 U.S. 559, 564 (1984).

The Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), established that the Sentencing Guidelines are simply an "advisory" tool to be considered alongside other statutory considerations spelled out in 18 U.S.C. § 3553(a). The Court expressed in no uncertain terms that the Guidelines cannot be used as a

substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. *Nelson v. United States*, 129 S. Ct. 890 (2009); *Spears v. United States*, 129 S. Ct. 840 (2009). Moreover, the Court has made plain that its cases "do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." *Nelson*, 129 U.S. at 892. "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Id.* (emphasis in original)

The primary directive in the actual language of §3553(a) is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.(emphasis added). After *Kimbrough* and *Gall,* therefore, sentencing courts must impose the minimum sentence that is sufficient to accomplish the objectives of § 3553(a). *See Gall,* 128 S.Ct. at 591 (reversing Court of Appeals and reinstating a probationary sentence where advisory sentencing range was 30-37 months).

## II. A sentence of five (5) years of probation, with a special condition of mental health treatment and counseling, is sufficient to satisfy the statutory purposes of sentencing

### A. Nature and Circumstances of the Offense

On December 17, 2014, Mr. Endris purchased and took possession of a single handgun from an undercover agent. The handgun happened to have an obliterated serial number as part of a "sting" by government agents, who initiated the idea that the firearm would have an obliterated serial number. Mr. Endris had not previously possessed firearms, and he has no prior convictions.

The evidence at trial was that Mr. Endris attempted to purchase a legal gun (emphasizing need for paperwork and a receipt), the government discouraged him from doing so, and then the government introduced the idea of purchasing a firearm with an obliterated serial number (an

3

"illegal" gun). Mr. Endris had stated a constantly changing purpose or intent for wanting a handgun, none of which were truly serious, but he never indicated that he wanted a handgun that had no serial number. There was no evidence that Mr. Endris had a preference or desire for a firearm with an obliterated serial number.

**B.     History and Characteristics of the Defendant, Need to Provide the Defendant with Educational Training, and Need to Provide Restitution**

Mr. Endris is now 20 years old, a naturalized citizen of the United States, who was born in Ethiopia, and moved to the United States in 2003, when he was nearly 8 years old, to join his mother in northern Virginia, with his father joining them in 2004. The family settled in the northern Virginia area, where they have lived together ever since. Mr. Endris has no siblings, and he has never been married and has no children.

Mr. Endris had difficulty learning in school, and he has participated in numerous educational, mental health, and substance abuse evaluations and treatment programs. The recent neuropsychological evaluation attached to the PSR shows that Mr. Endris is a very immature young man with Autism Spectrum Disorder and related intellectual limitations and "executive dysfunction." He also had a history of significant marijuana use, but has been able to abstain while on bond.

Due to his intellectual and mental health problems, Mr. Endris has not been able to maintain steady or lengthy employment, although he has held several jobs.

Mr. Endris has <u>no prior criminal convictions</u>. He has been under pretrial supervision since February 3, 2015, and was in substantial compliance with his bond conditions until very recently.

Restitution is not an issue in this case.

### C. Kinds of Sentences Available

There is no mandatory minimum term of imprisonment required by statute. The charged offense is a Class D felony, with Class E being the least severe and Class A being the most severe. That indicates a determination by Congress that the crime in this case is not considered as dangerous or harmful as many other federal crimes. As a Class D felony, the kind of sentence available in this case includes probation without any incarceration.

### D. Need to Promote Respect for the Law and to Provide Just Punishment

A sentence of five (5) years of probation, with a special condition that Mr. Endris participate in mental health treatment and counseling as directed by the probation office, is substantial and is just in this particular case. The Supreme Court recognized that a sentence of imprisonment "may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall v. United States*, 552 U.S. 38, 54 (2007) (quoting with favor the district court opinion). It is not severe punishment that promotes respect for the law, it is appropriate punishment. *United States v. Olhovsky*, 562 F.3d 530, 551 (3d Cir. 2009). Unduly severe punishment can negatively affect the public's attitude toward the law and toward the criminal justice system. *United States v. Olhovsky*, 562 F.3d at 551.

Although Mr. Endris took possession of a single handgun, which happened to have an obliterated serial number as part of a "sting" by government agents, who initiated the idea that the firearm would have an obliterated serial number, he had not previously possessed firearms, and he has no prior convictions.

### E. Need to Provide Deterrence

In the Sentencing Reform Act, 28 U.S.C. § 994(j), Congress <u>required</u> the Sentencing Commission to "insure that the guidelines reflect the *general appropriateness* of imposing a sentence *other than imprisonment* in cases in which the defendant is a *first offender* who has not been convicted of a crime of violence or an otherwise serious offense." (Emphasis added). Mr. Endris is a first offender and his crime of conviction is not "an otherwise serious offense" but instead the simple possession of a single handgun which happened to have an obliterated serial number as part of a "sting" by government agents.

With respect for the need to accomplish "specific" deterrence, Mr. Endris' lack of criminal record is an important factor. Indeed, the Sentencing Commission has recognized that first-time offenders are even less likely to re-offend than defendants with a limited criminal history who also fall within Criminal History Category I. *See* U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines,* at Ex. 9 (May 2004) [hereinafter *Measuring Recidivism Report*]; U.S. Sentencing Commission, *Recidivism and the "First Offender,"* at 1314 (May 2004) [hereinafter *First Offender Report*]. With respect to first offenders, the Commission has found that offenders with zero criminal history points have a recidivism rate of just 11.7%, while offenders with just one criminal history point have double the recidivism rate at 22.6%. *First Offender Report* at 13-14.

Given Mr. Endris' low risk of recidivism, a sentence of five (5) years of probation, with a special condition that he participate in mental health treatment and counseling as directed by the probation office, is sufficient to protect the public from the small chance of his committing future

crimes. In addition, due to his lack of criminal record, such a sentence would still have a substantial deterrent effect on Mr. Endris.

As to the concept of "general deterrence", a sentence of five (5) years of probation, with a special condition that he participate in mental health treatment and counseling as directed by the probation office, when imposed on a first offender defendant, who was the target of a "sting" investigation without having previously possessed a firearm, would adequately fulfill the goal of "afford[ing] adequate deterrence to criminal conduct" found in § 3553(a)(2)(B).

In addition, the notion that incarceration is necessary to achieve general deterrence is not supported by empirical research. "Increases in severity of punishment do not yield significant marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). Instead, it is the certainty of punishment that offers greater deterrence than the severity of the punishment. *See* Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 Cardozo J. Conflict Resol. 421, 447-48 (2007)("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.").

### F. Advisory Guidelines Range

The technical calculation of the "advisory" Sentencing Guidelines range by the probation office in the PSR is 27 - 33 months. Mr. Endris has objected to that calculation, as shown in the PSR, and contends that the range should instead be 21-27 months. The dispute is whether the base offense level should be 14, because the firearm was possessed by a "prohibited person," or 12 instead. The specific charged offense conduct in this case involved possession of a firearm

7

that was "prohibited" because it had an obliterated serial number, which had nothing to do with whether the person who possessed it was a "prohibited person." The crime in this case occurred even if Mr. Endris had never used marijuana in his life. Therefore, the possibility that Mr. Endris might have been a substance abuser at the time he possessed the firearm is not relevant to his offense conduct and it is unreasonable to start his base offense level at 14.

### G. Variance

Mr. Endris also contends that the total offense level, whether 18 or 16, substantially over-represents the true seriousness of his offense conduct. This inflation is due in part from a 4-level increase in offense level because the handgun had an obliterated serial number. However, the actual offense conduct was the simple possession of a single handgun which only had an obliterated serial number as part of a "sting" by government agents. Thus, a variance below the Guidelines range should be granted to result in a sentence of five (5) years of probation, with a special condition that he participate in mental health treatment and counseling as directed by the probation office.

### CONCLUSION

For the reasons set forth above, Mr. Endris requests that this Court impose a sentence of five (5) years of probation, with a special condition that he participate in mental health treatment and counseling as directed by the probation office. Such a sentence is sufficient but not greater than necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. §3553(a). In addition, Mr. Endris requests that the Court impose no fine given his inability to pay.

Respectfully submitted,

AMAR ENDRIS

By Counsel,

Geremy Kamens,
Acting Federal Public Defender

By: _____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Amar Endris
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John T. Gibbs, Esq.
Special Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3775
(703) 299-3980 (fax)
john.gibbs2@usdoj.gov

By:       /s/
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Amar Endris
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org